UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHERYL JONES,

               Plaintiff,

        -against-                    **MEMORANDUM AND ORDER**
                                         05-CV-3075 (DLI) (MDG)
DEPARTMENT OF EDUCATION,

               Defendant.

------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Cheryl Jones ("Plaintiff" or "Jones") brings this action pursuant to 42 U.S.C. § 1983 against the New York City Department of Education ("DOE" or "Defendant"), alleging that the DOE deprived her of liberty and property rights without due process of law. Plaintiff also brings supplemental state law claims of defamation and breach of contract.

      Presently before this court is Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth more fully below, Defendant's motion is granted. Plaintiff's property interest claim is dismissed with prejudice because Plaintiff does not and cannot allege that she has been deprived of any property interest. Plaintiff's liberty interest claim is also dismissed, but with leave to replead. In addition, because Plaintiff's supplemental state claims are already pending before the New York State Supreme Court, those claims are dismissed.

**I.     Background**

      The following facts are either undisputed or drawn from Plaintiff's complaint, unless otherwise indicated. Plaintiff began her employment with the DOE as a teacher in 1984. In 1987

Plaintiff received tenure as a teacher. Plaintiff became an assistant principal in 1994 and achieved tenure in that position in 1999. In 2001, Plaintiff accepted the position of principal at Far Rockaway High School in Far Rockaway, New York. Plaintiff's status upon appointment as principal was probationary. In order to achieve tenured status and its attendant benefits, such as increased pension benefits, she would need to receive "satisfactory" performance ratings for three years.

Plaintiff received "satisfactory" performance ratings for her work during the first two years, 2001-2002 and 2002-2003. In 2003 or 2004, the DOE designated Far Rockaway High School as an "impact school" and, as a result, the DOE provided additional support to the school in the form of extra police officers and School Safety Agents in order to quell occurrences of violence in the school and to enhance a secure school environment. According to Plaintiff, it is at this point that her "immediate supervisors started to wage a campaign against plaintiff by finding fault and placing letters in her file." (*See* Pl.'s Mem. 2.)

Around May 2004, Plaintiff was informed that she was in jeopardy of receiving an "unsatisfactory" performance rating for her third year, the 2003-2004 school year. Rather than receive an "unsatisfactory" rating, Plaintiff entered into a contractual arrangement with the DOE in which she agreed to retire in exchange for receiving a "satisfactory" rating for the 2003-2004 school year. The text of the Plaintiff's contract with the DOE is set forth, in pertinent part, below.

Stipulation of Retirement

1. Cheryll Jones . . . agrees to retire from her employment for the New York City Department of Education ("Department") as Principal of Far Rockaway High School as of August 31, 2004.

2. Ms. Jones agrees not to seek reemployment with the Department as a principal.

3. The Department agrees to rate Ms. Jones satisfactory for the 2003-04 school year. . . .

> 5. Ms. Jones agrees that she has entered into this agreement freely, knowingly and openly, without coercion or duress.
>
> 6. Ms. Jones affirms that she has had access to her union representative in reaching this agreement and has consulted with him regarding the terms of this agreement, and has entered into this agreement with advice and consent.
>
> 7. This written agreement contains all the terms and conditions agreed upon by the parties and no other agreement, oral or otherwise, shall be deemed to exist or to bind any of the parties hereto or to vary any of the terms contained herein.
>
> 8. Ms. Jones releases the DOE and its agents and employees, without limitation, from any claim, grievance or other action regarding her employment with the DOE, without limitation.[1]
>
> [Signed by Cheryl Jones; Karen Stavis, Local Instructional Superintendent; and [CSA Rep]; and dated 6/14/04]

(Helferich Decl. Ex. A.) Having thus received a "satisfactory" rating for three years, Plaintiff was consequently able to successfully complete her probationary period and obtain increased pension benefits.

On June 28, 2004, the DOE issued a press release announcing that forty-five unnamed principals were removed for poor performance as part of the DOE's effort to increase responsibility and accountability for principals. (*See* Helferich Decl. Ex. B.) The article also stated that "[s]even [principals] in danger of discontinuance retired." (Helferich Decl. Ex. B.) The DOE later provided the names of the forty-five principals, including Plaintiff's name, to the media in response to a Freedom of Informational Law ("FOIL") request, pursuant to Public Officers Law §§ 84-90, by the media. Various New York newspapers subsequently printed Plaintiff's name as one of the principals removed for poor performance, and some of the local Far Rockaway papers, additionally,

---

[1]The parties have not argued the effect, if any, that this paragraph may have on the ability of Plaintiff to bring this action. Thus, while the issue of whether this paragraph serves as an absolute bar, or whether it is unenforceable under principles of contract or Constitutional law, may be relevant to this dispute, this court declines to address it.

printed Plaintiff's picture with her name listed prominently below the picture. (*See* Barkan Decl. Ex. 1.)

Plaintiff claims that, as a result of the DOE's actions, it has become impossible for her to secure alternate employment in the field of education. Accordingly, she brought the instant action on June 27, 2005, and the DOE, in turn, now seeks judgment on the pleadings in its favor.

## II. Discussion

### A. 12(c) Standard

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "The test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998). The court must accept as true the factual allegations in the complaint and, furthermore, draw all reasonable inferences in favor of the non-moving party. *See id.* The Supreme Court has recently held that, in a 12(b)(6) motion, dismissal is not proper if a plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face."[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (May 21, 2007). The Second Circuit has interpreted *Bell Atlantic Corp.* as requiring lower courts to apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts

---

[2]This newly articulated standard abrogated the oft-cited 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), that dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. Courts in this district have applied the *Bell Atlantic Corp.* standard to 12(c) motions as well, and this court agrees that its application is appropriate in the 12(c) context. *See, e.g., McCrary v. County of Nassau*, 493 F. Supp. 2d 581 (E.D.N.Y. 2007).

where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). However, the heightened pleading standard does not apply to civil rights claims. *Jones v. SmithKlineBeecham*, No. 1:07-CV-00033 (NPM), 2007 WL 2362354, at *3 (N.D.N.Y. Aug. 14, 2007); *see also Iqbal*, 490 F.3d at 158. Importantly, at this stage of the proceedings, the issue is not whether the plaintiff is likely to prevail but, rather, whether the claimant should be permitted to offer evidence to support the claims. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998) (articulating the 12(b)(6) standard).

Furthermore, "[i]n deciding a motion for judgment on the pleadings, a court may consider the pleadings and exhibits attached thereto, and statements or documents incorporated by reference in the pleadings." *Withrow v. Donnelly*, 333 F. Supp. 2d 108, 110 (W.D.N.Y. 2004). In addition, the court may consider "matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." *Prentice v. Apfel*, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998).

### B. Claimed Property Interest

For Plaintiff to allege a violation of her due process rights, she must establish that she has suffered a deprivation of a constitutionally protected property or liberty interest. *See Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994). Plaintiff, here, fails to establish that she suffered any deprivation of a property interest.

Plaintiff alleges that she had property rights in her tenured positions as a teacher and as an assistant principal that she relinquished "after being pressured by false allegations and a campaign by her superiors to discredit her." (Pl.'s Mem. 4.) She further asserts that "she contracted with the DOE to accept completion of her three year probation period with a satisfactory rating in exchange

5

for those tenured rights." (Pl.'s Mem. 4.) Plaintiff does not claim a property right in her position as a probationary principal.

Even assuming that Plaintiff only signed the Stipulation of Retirement offered by the DOE in acquiescence to the DOE's improper pressure, nowhere in the contract does it state that Plaintiff relinquished her rights, if any, to tenured positions as assistant principal or teacher within the DOE. Instead, the contract states only that "Cheryll Jones . . . agrees to retire from her employment for the New York City Department of Education . . . as Principal of Far Rockaway High School" and that "Ms. Jones agrees not to seek reemployment with the Department as a principal." (*See* Helferich Decl. Ex. A. ¶¶ 1-2.)

As the contract language cannot be construed as requiring Plaintiff to give up her rights, if any, in tenured positions as assistant principal or teacher, she cannot successfully argue that the DOE deprived her of these rights. Accordingly, Plaintiff's claim alleging deprivation of property rights without due process of law are dismissed with prejudice.

### C. Claimed Liberty Interest

Plaintiff further fails to establish that she suffered any deprivation of a liberty interest. Plaintiff claims that "the DOE in placing [her] name on a list of 45 Principals alleging that she was incompetent, stigmatized plaintiff and characterized her as being unfit to work as a Principal" and that the "DOE published such acts by providing this information to the news media by inviting the news media to file a Freedom of Information Act [*sic*] Request." (Compl. ¶¶ 31-32.) As a result of the DOE's actions, Plaintiff contends, she lost her good reputation and, with it, any possibility of obtaining work outside of New York City in her chosen profession as a school principal or in the field of education. (Compl. ¶ 33; Pl.'s Mem. 3.)

However, the DOE's June 28, 2004 press release did not deprive Plaintiff of any liberty interest because the release did not mention her name. (*See* Helferich Decl. Ex. B.) It was only in response to a FOIL request that the DOE later reluctantly released Plaintiff's name to the media, along with the names of other previously unnamed principals. (*See* Pl.'s Mem. 5; Cashin Dep. 81:4-9.) The media then published the articles containing Plaintiff's name. (*See* Barkan Decl. Ex. 1.)

The failing in Plaintiff's complaint is that she has not alleged that the DOE was affirmatively involved in the offending event, *i.e.*, that the DOE was somehow complicit in the media's publication of the material that purportedly tainted her reputation. The DOE was obligated to release Plaintiff's name pursuant to the FOIL request.[3] *See* Public Officers Law § 87.2. In fact, the DOE may well have been subject to legal action had it declined to provide the requested information. *See id.* § 89.4(b)-(c). It is axiomatic for Plaintiff to state that the DOE's press release "invit[ed] the news media to file a Freedom of Information Act Request," as all events in some way invite a subsequent event. Unless Plaintiff alleges that the DOE deliberately precipitated the media's eventual publication of her name when it issued its June 28 press release, Plaintiff's claim of deprivation of a liberty interest without due process will not lie. As such, Plaintiff's claim must be dismissed, though Plaintiff is granted leave to replead.[4]

---

[3]Neither party disputes that the FOIL request in this instance was proper and that the DOE was thereby required to produce the requested information.

[4]The parties offer arguments in their submissions concerning whether the availability of a post-deprivation proceeding held pursuant Article 78 of the New York Civil Practice Law and Rules sections 7801 to 7806 satisfies due process. The Second Circuit has ruled that a post-deprivation hearing may satisfy due process "[w]here a deprivation at the hands of a government actor is 'random and unauthorized.'" *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Our appeals court has also held that "the 'random and unauthorized' exception to the requirement of a pre-deprivation hearing does not apply where the government actor in question is a high-ranking official with 'final authority over significant' matters," such as the commissioner of the New York State Department of Health. *See id.* It would thus appear that a

D.   **State Claims**

As Plaintiff's federal claims do not survive the DOE's motion for judgment on the pleadings, the court declines to exercise supplemental jurisdiction over the remaining state claims of breach of contract and defamation. *See* 28 U. S. C. § 1367(c)(3). Furthermore, in light of the fact that Plaintiff has filed identical breach of contract and defamation claims in the New York State Supreme Court, in the interest of judicial economy, this court dismisses those claims as well.[5] (*See* Helferich Decl. Ex. E.)

---

pre-deprivation hearing would be required for a deprivation of liberty resulting from the actions of the commissioner of the DOE. However, because Plaintiff's liberty interest here is dismissed on other grounds, the court need not reach this issue.

[5]Plaintiff argues that the state claims should not be dismissed because "[t]he action commenced in the State court (defendant's exhibit E) was not sanctioned by plaintiff. She learned that she was part of this action when counsel requested a pre motion conference in the instant matter. Ms. Jones should not have been part of that action and as far as she is concerned is not." (*See* Pl.'s Mem. 6.) However, Plaintiff has not provided any evidence that she has withdrawn or requested to withdraw from the state action. Accordingly, the court can only infer from this that Plaintiff is, in fact, a willing participant thereto, and thus does not give weight to Plaintiff's bald assertion that "as far as she is concerned" she is not a part of the state action.

### III. Conclusion

For all of the foregoing reasons, the DOE's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is granted. Accordingly, Plaintiff's federal due process claims are dismissed. However, Plaintiff is granted leave to replead her liberty interest claim within thirty (30) days of the date of this Order. This court declines to retain jurisdiction over Plaintiff's supplemental state law claims, which are dismissed.

SO ORDERED.

DATED: Brooklyn, New York
September 13, 2007

_____/s/_____

DORA L. IRIZARRY

United States District Judge