UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHERYL JONES,  :
: **MEMORANDUM AND ORDER**
-against-  : 05-CV-3075 (DLI) (MDG)
:
DEPARTMENT OF EDUCATION,  :
:
Defendant.  :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Cheryl Jones, a former principal and employee of Defendant Department of Education ("DOE"), filed suit against the DOE alleging a variety of claims arising out of a statement released by the DOE on June 28, 2004 (the "Press Release") and subsequent media coverage of it. In the Press Release, the DOE indicated that it had removed forty-five principals for "poor performance" and that these principals "had received or were in danger of receiving unsatisfactory ratings in their performance ratings." *See* Friedman Decl. Ex. B. Plaintiff alleged deprivations of property and liberty interests in violation of the Due Process Clause of the Fourteenth Amendment, and additional state law claims. The DOE moved to dismiss, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking judgment in its favor on every claim. In a Memorandum and Order dated September 13, 2007 ("September 13, 2007 Order"), the court granted the DOE's motion, dismissing Plaintiff's property interest claim with prejudice, dismissing Plaintiff's liberty interest claim without prejudice, and declining to entertain Plaintiff's state law claims absent a valid federal claim. The court granted Plaintiff leave to replead the liberty interest claim.

Plaintiff filed an amended complaint on October 4, 2007 (the "Amended Complaint"), asserting an amended claim for deprivation of her liberty interest and reasserting the additional state

1

law claims. The DOE filed the instant motion, seeking dismissal of the Amended Complaint, pursuant to Rule 12(c). Plaintiff opposes the motion in its entirety. For reasons set forth more fully below, the court grants the DOE's motion.

## BACKGROUND

The following facts are either undisputed or drawn from the Amended Complaint, unless otherwise noted.[1] Plaintiff worked as a tenured teacher and then tenured assistant principal for the DOE for a number of years in various schools throughout New York City. In 2001, Plaintiff became the Principal of Far Rockaway High School, and worked in this capacity subject to a three-year probationary period, as do all new principals. To achieve tenure, new principals must receive "satisfactory" performance reviews for each evaluation conducted during the probationary period. *See* Def. Mem. at 3. Otherwise, new principals are subject to discontinuation. *See id.* Plaintiff received two "satisfactory" performance reviews. In May 2004, during the third year of Plaintiff's probationary period, the DOE informed her that she was at risk of receiving an "unsatisfactory" review. If she received an unsatisfactory review, her contract would be discontinued. She would not receive tenure or its associated benefits, including increased pension benefits.

On June 14, 2004, Plaintiff and the DOE negotiated and entered into an agreement (the "Agreement"). *See generally* Friedman Decl. Ex. A. Plaintiff attended the negotiation with a union representative and the union representative reviewed the Agreement with Plaintiff. In the Agreement, the DOE agreed to issue Plaintiff a satisfactory review for the 2003-2004 academic year,

---

[1] The court discussed the facts of the case in depth in the September 13, 2007 Order. Familiarity with that order is assumed. The factual discussion herein is limited to those facts necessary to resolve whether dismissal of Plaintiff's liberty interest and supplemental state law claims is warranted.

thereby permitting her to enjoy the benefits of tenure, including increased pension benefits. Plaintiff agreed to retire from the DOE and to refrain from seeking future employment with the DOE.

Approximately two weeks later, the DOE issued the Press Release, announcing the removal of forty-five principals. It did not contain the names of the principals. The DOE released their names only after it was served with a Freedom of Information Law ("FOIL") request, pursuant to N.Y. Public Officers Law §§ 84-90. Subsequently, various newspapers published articles naming Plaintiff as one of the removed principals. *See* Pl. Opp. at 3. Plaintiff commenced the instant action alleging that the Press Release and subsequent media coverage of it made finding new employment impossible. Plaintiff alleged deprivations of property and liberty interests in violation of the Due Process Clause and additional state law violations. The DOE moved to dismiss.

In the September 13, 2007 Order, the court granted the DOE's motion dismissing Plaintiff's property interest claim with prejudice, dismissing Plaintiff's liberty interest claim without prejudice (with leave to replead), and declining to entertain Plaintiff's state law claims absent a valid federal claim. The court informed Plaintiff that the "failing in [her liberty interest claim] is that she has not alleged that the DOE was affirmatively involved in the offending event." *See* September 13, 2007 Order at 7. The court further instructed Plaintiff that "[u]nless Plaintiff alleges that the DOE deliberately precipitated the media's eventual publication of her name when it issued its [the Press Release], Plaintiff's claim of deprivation of a liberty interest without due process will not lie." *Id*.

Shortly thereafter, Plaintiff filed the Amended Complaint. In the instant motion, the DOE moved to dismiss the Amended Complaint in its entirety contending that (i) a general release in the Agreement bars Plaintiff from filing any employment related lawsuits against the DOE, and (ii) Plaintiff's liberty interest claim, as amended, fails to state a claim upon which relief can be granted.

3

# DISCUSSION

## A. Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court retired the standard set forth half a century ago in *Conley v. Gibson*, that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of the requirement that plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. 1955, 1968-69, 1974 (2007) (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). To be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The Second Circuit interpreted *Bell Atlantic* to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

When material outside the complaint is "presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . and all parties must be given a reasonable

4

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). For the purposes of this rule, however, the complaint is deemed to include writings and documents attached to the complaint, referenced in the complaint, or integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10(c). A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (citations omitted). "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*. (emphasis in original).

Plaintiffs are harmed when material outside a complaint is considered on a motion to dismiss because they lack notice that such consideration is taking place. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Rule 12(d)'s conversion requirement remedies this problem by "deter[ring] trial courts from engaging in fact finding when ruling on a motion to dismiss and ensur[ing] that when a trial judge considers evidence dehors the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it." *Id*. Accordingly, where there is actual notice by the opposing party of all the information in the movant's papers, the necessity to convert a motion to dismiss to one for summary judgment is largely dissipated. *Chambers*, 282 F.3d at 153.

**B.  Application**

    **1.  Plaintiff's Liberty Interest Claim**

Under the protections of the Due Process Clause of the Fourteenth Amendment, "a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest." *Patterson v. Utica*, 370 F.3d 322, 329 (2d Cir. 2004). "A person's

interest in his or her good reputation alone . . . is not a liberty or property interest sufficient to invoke the procedural protections of the Due Process Clause or create a cause of action under [42 U.S.C.] § 1983." *Id*. at 330. Loss of one's reputation is, however, sufficient to invoke the protections of the Due Process Clause if "that loss is coupled with the deprivation of a more tangible interest, such as government employment." *Id*. (noting that a claim may arise when an individual is defamed by the government "in the course of dismissal from government employment"). To establish such a claim, known as a "stigma-plus" claim, a plaintiff must demonstrate that: (i) the government made stigmatizing statements about the plaintiff that called into question the plaintiff's "good name, reputation, honor, or integrity," (ii) the government made these statements public, and (iii) the government made the statements "concurrently in time to plaintiff's dismissal . . . ." *Id*.

The Amended Complaint suffers the same infirmities as the original complaint—it fails to allege facts sufficient to establish that the DOE made the stigmatizing statements or that the statements should be attributed to the DOE. The DOE, itself, did not make the stigmatizing statements about Plaintiff. The DOE's Press Release provided no identifying information. It neither named the principals nor the schools they supervised. By refraining from releasing such information, the Press Release communicated developments on a matter of public concern, the quality of public schools, without damaging the reputations of those involved. The names became public only after the DOE received a FOIL request seeking the names. The DOE provided the names, as it was required to do under the law. *See* N.Y. Pub. Off. Law §§ 84-90.

Plaintiff's claim is viable only if the DOE was affirmatively involved with the publication and dissemination of the newspaper articles at issue. Plaintiff's complaint can be construed to allege that the DOE issued the Press Release to generate positive media attention, that the Press Release

6

resulted in the ultimate publication of the names, and that for this reason, the court should attribute the newspapers' statements to the DOE. Plaintiff alleges that the DOE withheld the names of the principals and released the names subject to the FOIL request to "appear to be following the law." Am. Compl. ¶ 31. Plaintiff alleges that in response to the FOIL request, the DOE promptly released the names to keep the story "in the public eye" and that in doing so, "the DOE was complicit [sic] in the media's publication of the material that tainted plaintiff's reputation." *Id.* at ¶ 34. Additionally, Plaintiff alleges that, "the DOE's request for a FOIL request from the news media was a sham" to avoid potential liability for releasing the names. *Id*. at ¶ 36. Plaintiff failed to allege any facts indicative of the DOE's involvement with the newspapers' publication of unflattering articles about Plaintiff's career. Plaintiff does not allege that the DOE acted in concert with or provided substantive assistance to the media in publishing the articles that named the principals. Plaintiff does not allege an agency relationship between the DOE and the newspapers. Nor does the Plaintiff allege that the newspapers published the names at the request of the DOE. The DOE is not responsible for the ultimate use or distortion of information it releases to the public. To hold otherwise would severely limit the ability of government agencies and entities to communicate with the public.

Plaintiff failed to allege a valid, stigma-plus claim. Thus, the court grants the DOE's motion to dismiss for failure to state a claim. The court declines to address the DOE's additional grounds for dismissal.

### 2. Plaintiff's State Law Claims

As Plaintiff's federal claim does not survive the DOE's motion for judgment on the pleadings, the court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

### 3. Leave to Replead

The court granted Plaintiff leave to amend the complaint to address whether the DOE was involved with the newspapers' publications of Plaintiff's name. The Amended Complaint does not allege any new facts that would permit the court to make this determination. As such, granting leave to amend the complaint a second time to address this issue would be futile. *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 332 F.3d 147, 168 (2d Cir. 2003) (holding that "the District Court did not abuse its discretion in denying . . . leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed'"). Plaintiff's request for leave to amend the complaint a second time is denied and the liberty interest claim is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the court grants Defendant's motion, dismissing Plaintiff's remaining claims with prejudice. The court denies Plaintiff's request for leave to replead.

SO ORDERED

DATED: Brooklyn, New York
August 13, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge